IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DESMOND W. THOMPSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | CV NO. 10-718 JC/CG<br>CR NO. 09-489 JC |

**PROPOSED FINDING AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Petitioner Desmond W. Thompson's *Motion to Vacate, Set-Aside or Correct Sentence Pursuant to Title 28 U.S.C. § 2255* ('Petition') (Doc. 1), *Respondent's Response to Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody* ('Response') (Doc. 5), and Petitioner's *Movant Traverse to the Respondent's Response to his Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Prisoner in Federal Custody* ('Reply') (Doc. 6). Upon a review of the pleadings and being fully advised in the matter, this Court recommends that, in the interests of justice, CJA counsel be appointed to represent Petitioner. *See* 18 U.S.C. § 3006A(a)(2)(B). Appointment of counsel is necessary due to the nature of the legal issues raised in this case.

**I.   Background**

Petitioner was indicted in February of 2009 on one count of possession with intent to distribute five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), and one count of possession with intent to distribute over 50 grams of

cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii).[1] (*See* 09-cr-489 JEC, Doc. 11). Petitioner entered into a plea agreement with the U.S. Attorneys' Office and pled guilty to both counts of the indictment on October 9, 2009. (*See* 09-cr-489 JEC, Doc. 40). As per the terms of the plea agreement, Petitioner was sentenced to 120 months imprisonment by United States District Court Judge John E. Conway. (*Id.* at 3; 09-cr-489 JEC, Doc. 44 at 1). The 120 month sentence was the statutory minimum sentence allowed under 28 U.S.C. § 841(b)(1)(A). The plea agreement contained the foregoing waiver of appellate rights:

> The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence imposed pursuant to this agreement. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

(09-cr-489 JEC, Doc. 40 at 7). In accepting Petitioner's plea, United States Magistrate Judge Alan C. Torgerson engaged Petitioner in an extended plea colloquy. Specifically, Judge Torgerson inquired whether Petitioner understood the plea agreement, whether he had reviewed it with his attorney, whether he was satisfied both with this attorney's services and with the content of the plea agreement, and whether Petitioner had agreed to the plea agreement freely and voluntarily. (*See* 09-cr-489 JEC, Doc. 50 at 7-14). Petitioner answered each of Judge Torgerson's questions in the affirmative. (*Id.*) Petitioner did not file a direct appeal.

On July 30, 2010, Petitioner filed his *Motion to Vacate, Set-Aside or Correct*

---

[1] Congress recently amended 21 U.S.C. § 841(b)(1)(A)(iii) in 2010. Currently, § 841(b)(1)(A)(iii) forbids the possession with intent to distribute of 280 grams of cocaine base, as opposed to 50 grams of cocaine base. *See* Pub. L. 111-220 § 2(a)(1) (2010).

*Sentence Pursuant to Title 28 U.S.C. § 2255.* (Doc. 1). Because Petitioner is proceeding *pro se*, his Petition must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). Mr. Thompson's Petition raises a number of claims, including, *inter alia*, (i) that his sentence was contrary to the Supreme Court's ruling in *Apprendi v. New York*, 530 U.S. 466 (2000), (ii) that he did not enter his plea knowingly and intelligently, (iii) that he received ineffective assistance of counsel when his attorney failed to request a below-Guidelines sentence at the sentencing hearing, (iv) that his attorney was ineffective for failing to object to the amount of drugs in Petitioner's possession, which led to an enhanced sentence, and, (v) that he received ineffective assistance of counsel because he instructed his attorney to file an appeal and his attorney ignored his explicit request. (Doc. 1 at 1-6). Petitioner cites to *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), and *Rodriguez v. United States*, 526 U.S. 23 (1999), as support for the proposition that an attorney's failure to heed a client's express request to file an appeal constitutes *per se* ineffective assistance of counsel and entitles Petitioner to an evidentiary hearing. (Doc. 1 at 5-7; Doc. 6 at 2-4).

Respondent states that Mr. Thompson has failed to establish any grounds for habeas relief. (Doc. 5). Specifically, Respondent contends that (i) Petitioner's claim that he ordered his attorney to file an appeal is backed up solely by "conclusory assertions," and therefore must be denied, (ii) defense counsel was not ineffective in regard to Petitioner's sentencing because Petitioner received the minimum sentence permitted by statute, (iii) Petitioner's plea colloquy objectively proves that Petitioner's plea was not coerced, (iv) Petitioner's waiver of appellate rights in his plea agreement is enforceable pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004), and so that claim must be denied.

(*Id.* at 6-14).

## II. Discussion

In considering whether to appoint counsel to a *pro se* petitioner, the Court weighs several factors. Such factors include " 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.' " *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).  As described below, the Court believes that both the nature of the factual issues and the complexity of the legal issues raised in the Petition warrant the appointment of counsel.

Mr. Thompson's Petition and the United States' Response raise at least one issue which remains unsettled within Tenth Circuit case law: whether a waiver of appellate rights in a plea deal precludes a defendant from appealing on the basis that counsel failed to file a requested appeal. In *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005), Mr. Garrett pled guilty, waived his appellate rights in his plea agreement, and then subsequently filed a § 2255 habeas petition alleging ineffective assistance of counsel because his attorney failed to file a requested appeal. *Id.* at 1263-64. The Tenth Circuit held that, notwithstanding a waiver of appellate rights, Mr. Garrett must be afforded an evidentiary hearing to determine whether the attorney did in fact fail to follow his directions. *Garrett*, 404 F.3d at 1263-1267. Furthermore, the Tenth Circuit held that petitioner would be entitled to a delayed appeal if the Petitioner did show that counsel failed to file a requested appeal. *Id.*[2]

---

[2] *Garrett* has been cited favorably by a number of unpublished decision in the Tenth Circuit. *See, e.g.*, *United States v. Benoit*, 274 F. App'x. 689-691-92 (10th Cir. 2008) (unpublished); *United States v. Lauer*, 236 F. App'x. 462, 465 (10th Cir. 2007) (unpublished); *United States v. Golden*, 255 F. App'x. 319, 321 (10th Cir. 2007) (unpublished).

The holding in *Garrett* was based on the Supreme Court's ruling in *Flores-Ortega*, where the Court held that an attorney who fails to file a requested appeal acts in a manner that is professionally unreasonable. *Flores-Ortega*, 528 U.S. at 477-78. Several other Circuits have similarly concluded that an attorney's failure to file a requested appeal constitutes ineffective assistance of counsel, even though the defendant may have waived their appellate rights in a plea agreement. *See, e.g.*, *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007); *United States v. Tapp*, 491 F.3d 263, 265-66 (5th Cir. 2007); *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007); *Campusano v. United States*, 442 F.3d 770, 775-76 (2nd Cir. 2006); *Gomez-Diaz v. United States*, 433 F.3d 788, 791-94 (11th Cir. 2005); *United States v. Sandoval-Lopez*, 409 F.3d, 1193, 1195-99 (9th Cir. 2005).

Despite the holding in *Garrett*, other Tenth Circuit cases have focused on preserving the benefit of the bargain that the government obtains by entering into a plea deal.[3] In those cases, the court has held that waivers of appellate rights should be enforced with only a few discrete exceptions. In *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001), the Tenth Circuit stated, "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable when the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *Cockerham*, 237 F.3d at 1183. The limited exceptions in this line of cases include: i) where the sentencing court relied on impermissible factors such as race, ii) where ineffective assistance of counsel in connection with the negotiation of the plea and waiver renders the waiver invalid, iii) where the sentence exceeds the statutory maximum or, iv) where the waiver is otherwise unlawful.

---

[3]*See, e.g.*, *United States v. Elliott*, 264 F.3d 117, 1174 (10th Cir. 2001) (noting that appellate waivers save costs by obviating the need to prosecute appeals and stating that "[o]nly through the dismissal of [an] appeal will the government receive the benefit of the bargain."

*Id.* at 1182.[4] With regard to the ineffective assistance of counsel prong, the Court made clear that the exception related only to counsel's effectiveness in negotiating the plea agreement or the waiver provision. *Id.* at 1187 ("[A] plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. *Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable.*") (emphasis added).

Several unpublished Tenth Circuit opinions have cited *Cockerham* for the proposition that a claim of ineffective assistance of counsel for failing to file a requested appeal does not relate to the negotiation of the actual plea deal or waiver provision. *See United States v. Macias*, 229 F. App'x. 683, 687 (10th Cir. 2007) (unpublished) (distinguishing *Garrett* and dismissing defendant's claim of ineffective assistance of counsel for failing to file an appeal because the claim did not relate to validity of the plea or the waiver); *United States v. Davis*, 218 F. App'x. 782, 783-84 (10th Cir. 2007) (unpublished) (finding that defendant's claim of ineffective assistance of counsel for failing to file an appeal was waived because the claim did not relate to the validity or voluntariness of the waiver). In *Macias*, the Tenth Circuit distinguished *Garrett* by explaining that the waiver was not enforced there because: i) the government never argued that the appellate waiver barred the § 2255 appeal and,

---

[4] In *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam), the Tenth Circuit expanded upon *Cockerham* and established a three prong test for determining whether a plea agreement waiver should be respected. The three prongs ask i) whether the disputed appeal falls within the scope of the waiver of appellate rights, ii) whether the defendant knowingly and voluntarily waived his appellate rights and, iii) whether enforcement of the waiver would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325. The Tenth Circuit further stated that the 'miscarriage of justice' prong was generally meant to track the four exceptions for enforcement of plea agreement waivers outlined in *Cockerham*. *Id.* at 1327.

ii) the plain language of the waiver did not directly address Garrett's claim. *Macias*, 229 Fed.Appx. at 687, n.9.

As stated above, due to the nature of the factual claims and the complexity of the legal issues presented in Mr. Thompson's Petition, the interests of justice warrant the appointment of CJA counsel.

**IT IS HEREBY RECOMMENDED** that the Clerk of the Court appoint CJA counsel to represent Mr. Thompson. Appointed counsel shall file a supplement to Mr. Thompson's Petition and Reply within 30 days of his or her appearance. The United States shall also have an opportunity to respond to any further pleadings on behalf of Mr. Thompson.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE